## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALONZO ALFRED WISE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-4012 |
| | ) | |
| ARMARK COMPANY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW ORDER**

This case is before the court for a merit review of the plaintiff's claims.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff=s favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).  The Court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

Plaintiff alleges that he bit into a one-inch-long piece of sharp plastic contained in food served to him at the jail.  Plaintiff alleges he scraped his mouth, got ibuprofen from jail staff, and that the pain reduced.  Plaintiff also alleges that, while he was employed in the kitchen at the jail, "cross contamination" was rampant.  For example, Plaintiff alleges that they were forced to wash dishes in

the sink when the dishwasher broke.  Plaintiff alleges that, on one occasion, he became ill from eating undercooked potatoes.  In addition, plaintiff makes several allegations regarding Mercer County Jail.

Plaintiff does not state a claim based upon the one-time presence of a foreign object in his food.  *See Drake v. Velasco*, 207 F. Supp. 2d 809, 812 (N.D. Ill. 2002) (citing *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985)) (complaints of cold, poorly prepared, or even food that occasionally contains foreign objects do not rise to the level of constitutional deprivation).  Plaintiff's allegation that he got sick on one occasion does not support an inference that the food was served under conditions that posed an immediate risk to his health or safety, much less that Aramark, or Aramark officials, were responsible for the conditions within the jail.

Plaintiff does not state a claim for the substitution of ibuprofen for naproxen.  *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (inmates are not entitled to demand specific treatment).  Finally, the Court cannot determine whether Plaintiff intends to sue officials at Mercer County Jail.  At any rate, he may not sue officials at Rock Island Jail and Mercer Jail in the same lawsuit.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint.").

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Any amendment to the Complaint would be futile.  This case is therefore terminated.  All pending motions are denied as moot.  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

3) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

4) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 14th day of March, 2018.

/s/ Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE